L. F. WATSON v. THE STATE.

No. 14812. Delivered January 27, 1932.

586

The opinion states the case..

*Denman & Deloney* and *L. B. Fowler,* all of Nacogdoches, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

LATTIMORE, JUDGE.—Conviction for misdemeanor swindling; punishment, a fine of $50 and one day in the county jail.

Appellant was charged with swindling by giving a check upon a bank in which he had no money, and which he had no good reason to believe would be paid when same would be presented in the ordinary course of business. That appellant gave to Mr. Bailey, proprietor of a gasoline station, his check for $10.15 upon a bank in which he had no money, and in which it appears that he did not expect to have any money when, in the ordinary course of business, the check would be presented,—seems undisputed in the record. Appellant admitted giving the check, but testified that when he gave it he thought he was giving a check upon a different bank. Bailey testified to the sale to appellant of some tubes, a tire, gasoline, etc., and that appellant produced his own check book and wrote out the check thereon in payment. He further testified that the check was drawn on a bank in the town where the sale was made, but that he did not present it for several days, and when presented payment was refused because of no funds. An officer of said bank testified that appellant had no funds in the bank at or about the time mentioned; that appellant had had no funds in the bank for something like a year or more. Bailey further testified that he went to see appellant a number of times in regard to payment of the check and that appellant refused to pay it.

There is one bill of exception in the record complaining of the alleged failure of the court to tell the jury if appellant had reason to believe that the check would be paid when presented to the bank in due course of business, he would not be guilty of swindling. Looking to the charge of the court as given, we find that the court told the jury if they found from the evidence, or had a reasonable doubt thereof, that defendant Watson had funds in the bank on which the check was drawn to pay the same at the time was given, or if the defendant had good reasons to believe that said check would be paid upon presentation, they should find him not guilty. This appears to cover the point at which the exception was leveled. If it was not in the charge originally, it is evident that it was put in the charge before it was given to the jury.

Appellant presented two special charges, one of which was given, being, in effect, an instruction that if when appellant gave the check in question he had an agreement or understanding with the party to whom it was given that it was to be paid at some future date, he would not be guilty of swindling as charged. This appears to us to be a charge very favorably presenting what might be deemed appellant's affirmative

defense. The other special charge sought a peremptory instruction of not guilty, and was properly refused.

We believe the jury were justified in their conclusion of guilt. No error appearing, the judgment will be affirmed.

*Affirmed.*